FILED
2003 AUG 25 PM 2: 15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| NINA NICOLE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 03-AR-1859-M |
| GAGE HUFFSTUTLER, d/b/a ABC ) | |
| BAIL BONDS, INDIVIDUALLY AND ) | |
| JOINTLY, ET AL., ) | |
| ) | |
| Defendants. ) | |

ENTERED
AUG 2 5 2003

**MEMORANDUM OPINION**

Before this court is the motion to dismiss and remand filed by plaintiff, Nina Nicole Williams ("Williams"). Defendant, Scottsdale Indemnity Company d/b/a Scottsdale Insurance Company ("SIC"), removed the action from the Circuit Court of Marshall County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division, on July 21, 2003. On July 31, 2003, this court issued an order setting the question of this court's jurisdiction for hearing. Williams then moved to remand the action.

This action was filed in state court on April 4, 2001, over two years ago. Williams amended her complaint on August 6, 2001 to add SIC's insureds as defendants. On June 23, 2003, Williams amended her complaint to add SIC as a defendant. Williams and all defendants except SIC were citizens of Alabama when this action was filed. SIC was an Ohio corporation with its principal

1

place of business in Scottsdale, Arizona. SIC filed its notice of removal within 30 days of being served with the complaint. *See* 28 U.S.C. § 1446(b).

It is fundamental that the removal statutes, 28 U.S.C. §§ 1441-1452, be strictly construed, with doubts resolved against removal. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). SIC purports to remove this action pursuant to "26 U.S.C. § 1332"[1] because its citizenship and that of Williams are diverse. The removal statutes expressly provide that cases can be removed on the basis of diversity only if none of the defendants is a citizen of the forum state. 28 U.S.C. § 1441(b). As noted above, all of the defendants, except SIC, were residents of the forum state, Alabama. Therefore, removal of this action violates 28 U.S.C. § 1441(b).

Furthermore, if there were complete diversity, all defendants must consent to removal. *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1044 (11th Cir. 2001). No allegation even remotely concerning consent has been made. Unanimous consent implies that all served defendants join in a

---

[1] 26 U.S.C. § 1332, which related to the treatment of war loss recoveries in calculating gross income, was repealed effective in the taxable years beginning after December 31, 1976. The court will assume SIC intended to invoke subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

2

notice of removal within 30 days of service upon the first defendant -- the first-served-defendant rule. *Getty Oil v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988); *see also Hooper v. Albany Int'l Corp.*, 149 F.Supp.2d 1315, 1319 n.2 (M.D. Ala. 2001); *East v. Long*, 785 F.Supp. 941, 945 (N.D. Ala. 1992). This furthers the unanimity among the served defendants "without placing undue hardships on subsequently served defendants." *Getty Oil*, 841 F.2d at 1263. Because all the defendants except SIC were served more than 30 days before SIC filed it notice of removal, unanimous consent is lacking.

As previously stated, where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants. Here, all the defendants, except SIC, were citizens of Alabama at the time the suit was filed. Likewise, Williams was a citizen of Alabama. SIC argues that the court should realign the parties to make it the sole defendant. This does not make sense, especially in light of the fact that when an insurer is sued and its insured is not a party-defendant, the insurer is deemed a citizen of the state of which its insured is a citizen. 28 U.S.C. § 1332(c)(1). SIC's argument would eliminate its insureds as party-defendants. Accordingly, if the court were to realign the parties as SIC suggests, SIC would be deemed a resident of Alabama. Under either scenario complete diversity is absent.

3

Another statutory bar punctuates the lack of subject-matter jurisdiction based on diversity of citizenship. An action can never be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b). SIC filed its notice of removal on July 21, 2003 -- more than two years after Williams filed this action in state court. Strict construction is not required to determine that SIC failed to comply with the procedure required in 28 U.S.C. § 1446(b).

The court will, by separate order, grant Williams' motion to remand this action to the Circuit Court of Marshall County.

DONE this 25 day of August, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

4